UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-05712-FMC-VBKx | Date | November 3, 2009 |
|---|---|---|---|
| Title | Balwinder Singh v. U.S. Department of Homeland Security Citizenship and Immigration Services | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER TO SHOW CAUSE and ORDER TAKING MOTION UNDER SUBMISSION   (In Chambers)

This matter is before the Court on Defendants' Motion to Dismiss (docket no. 5), filed on October 5, 2009.  With that Motion, Defendants move to dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks jurisdiction to hear and decide the matter because Section 1255a(f) of Title 8 of the U.S. Code "preempts the field by precluding all other review not in accordance with that section." Mot. at 2.  The primary Ninth Circuit case on which Defendants rely in their moving papers, Guzman-Andrade v. Gonzales, 407 F.3d 1073 (9th Cir. 2005), addresses whether the Court of Appeals has jurisdiction over cases involving removal orders.  Defendants.  It does not address what jurisdiction, if any, the district court might have to hear and decide this case.

Plaintiff's Opposition is similarly unhelpful to the Court's effort to discern whether this Court has jurisdiction over Plaintiff's claim.  A blanket assertion of federal question jurisdiction pursuant to 28 U.S.C. § 1331(a) does not address whether the Court has jurisdiction to hear this type of direct appeal of the denial of an application to adjust status pursuant to the LIFE Act.  Additionally, the Supreme Court's pre-IIRIRA decision in McNary v. Haitian Refugee Center, Inc., 498 U.S. 479 (1991), does not resolve the matter.  See Opp'n at 3 (citing McNary for the proposition that federal district courts have jurisdiction to hear constitutional challenges to DHS/USCIS procedures).  The referenced portions of McNary are concerned with the distinction between jurisdiction to conduct direct review of "individual denials" of applications under the SAW amnesty program and jurisdiction over "general collateral challenges to the unconstitutional practices and policies used by the agency in processing applications." Id. at  492.  In McNary, the Court concluded that the federal courts have jurisdiction over the latter but not the former.  Id. at 483-85 ("We hold that given the absence of clear congressional language mandating preclusion of federal jurisdiction and the nature of respondents' requested relief, the District Court had jurisdiction to hear respondents' constitutional and statutory challenges to INS procedures.").  Here, it is far from clear from the factual allegations in Plaintiff's Complaint that his case involves anything other than a request for direct view of denial of his LIFE Act application.  Additionally, Plaintiff's briefing does not address whether or how this decision applies to post-IIRIRA determinations regarding LIFE Act applications, and it fails to address whether federal courts have – and, specifically, this district court has – jurisdiction to hear a dispute arising from the denial of his LIFE Act application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-05712-FMC-VBKx | Date | November 3, 2009 |
|---|---|---|---|
| Title | Balwinder Singh v. U.S. Department of Homeland Security Citizenship and Immigration Services | | |

to adjust status in the absence of a final order of removal.  See, e.g., Pedroza-Padilla v. Gonzales, 486

F.3d 1362, 1364 n.1 (9th Cir. 2007) (discussing court of appeals jurisdiction to review denial of a § 1255a legalization application in conjunction with judicial review of an order of deportation); Noriega-Sandoval v. INS, 911 F.2d 258, 261 (9th Cir. 1990) (per curiam) (court of appeals lacked jurisdiction to review Legalization Appeals Unit's denial of application for adjustment to temporary resident status where challenge did not arise in context of review of order of deportation).

Accordingly, because the Court must, as a threshold matter, satisfy itself that is has jurisdiction over this action, Plaintiff is ORDERED TO SHOW CAUSE in writing not later than **November 30, 2009**, why this action should not be dismissed for lack of jurisdiction.  Defendants' responsive brief, if any, is due not later than **December 14, 2009.**  The parties' briefing is to identify and address statutory provisions and case law relevant to the issue of district court jurisdiction to hear and decide the dispute identified in the factual allegations in Plaintiff's Complaint.  Thereafter, the matter will be taken under submission. The November 9, 2009 hearing on Defendants' Motion (docket no. 5) is hereby removed from the Court's calendar, and the matter will be taken under submission, pending re-setting by the Court should the Court deem oral argument necessary.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |